## James B. Fiske & *al. versus* J. Wingate Carr.

The Statute of 1836, c. 240, concerning assignments, fixes the time when creditors may become parties, and therefore the omission in the instrument of assignment to specify any time for that purpose, does not render the instrument inoperative.

A creditor who has become a party to the assignment, cannot object to its validity, because it contains a full discharge of the whole claim of the creditor upon the debtor.

If the magistrate who administers the oath to the debtor, in his certificate thereof, makes a mistake in the date of the year, he may afterwards correct it.

The St. 1836, c. 240, concerning assignments, protects the property assigned from attachment thereof, made after the execution and delivery of the instrument, but before notice is published in the newspaper, if publication is made in manner required by the Statute within fourteen days after the assignment shall have been made.

As the St. of 1838, c. 325, "*in relation to the mode of transfer of shares in corporate bodies,*" declares that "*the title to such stock shall not pass from such proprietor, until such transfer has been so far entered on the corporate records, as to show the names of all the parties thereto, and the date of the transfer,*" the title to shares in a bank remain in the original proprietor after an assignment thereof has been made and notice been given to the bank until the entry is made upon the books of the bank; and may be holden against such assignee on an attachment, made after such notice, in a suit by the bank against such assignor.

Where furniture is mortgaged to secure the mortgagee against the payment of a note to a third person, given by the mortgagor as principal, and the mortgagee as surety; and the mortgagee assigns the same furniture for the payment of his debts; the assignee may maintain trespass against an officer attaching the furniture on a writ in favor of the third person, against both the mortgagor and mortgagee on the note referred to in the mortgage.

Trespass against Carr, as late sheriff of the county, for the acts of two of his deputies; the one of J. Leavitt in "taking and carrying away twenty shares of the capital stock of the Lafayette Bank on the 20th of June, 1838;" and the other of F. F. French, in taking and carrying away a quantity of furniture, all alleged to have then been the property of the plaintiffs. The writ in this suit was dated Oct. 9, 1838.

At the trial, before Emery J. the plaintiffs introduced a writ in favor of the Lafayette Bank, the party in interest in the defence, dated June 20, 1838, returnable to the next term of the

S. J. Court for this county, against E. T. Coolidge and C. H. Hammond.. On this writ, on the day of its date, Leavitt returned an attachment of twenty shares in the Bank, and French returned an attachment of the furniture. On Nov. 1, 1838, the furniture was sold by consent of parties, and the proceeds deposited in the bank, to be holden in the same manner as the furniture would have been, and without prejudice to their rights. The plaintiffs then offered in evidence an assignment from Hammond to them of the bank shares and furniture, with other property, for the payment of the debts of Hammond to the plaintiffs and his other creditors, who should become parties thereto, dated June 18, 1838. No time was fixed within which other creditors might become parties, and a provision was inserted, that the debtor should be fully discharged by the creditors. The certificate of Hammond's oath to the assignment was dated June 18, 1837, but was in fact made June 18, 1838. The defendant objected to this paper being read in evidence, because the requirements of the St. 1836, c. 240, concerning assignments, had not been complied with. The plaintiffs then proved that a notice dated June 20, 1838, had been published in the Whig & Courier, a public paper printed at Bangor, on the 21st, and on the 26th of the same June. The defendant assented that the justice should amend his certificate of the oath, if it could legally be done. The instrument was then read, subject to all legal objections, the due execution and delivery having been admitted. The assignment was executed by the Lafayette Bank, among the creditors. The plaintiffs also gave in evidence a bill of sale of the furniture from Coolidge to Hammond, dated April 11, 1838, containing a stipulation that " the disposal of said furniture is to be left discretionary with said Hammond," and providing that if Coolidge should pay two notes to the Lafayette Bank, signed by Coolidge as principal, and by Hammond as surety, that Hammond should " release to said Coolidge the furniture alluded to and sold said Hammond this day." These notes remained unpaid. On the ninth of October, 1838, before the attachment at the suit of the bank, the plaintiffs went

to the Lafayette Bank and requested them to transfer the stock of Hammond to them, and exhibited the assignment, and the certificate of the stock to Hammond. No transfer was made of this stock from Hammond on the books of the bank. This testimony was objected to, but admitted.

The defendant contended that trespass would not lie against the officer for attaching bank stock, no levy having been made on execution, and no judgment in the suit having been rendered ; that the plaintiffs had not shown any legal title to the property ; that the assignment had not been executed according to the provisions of the statute concerning assignments ; that the provisions of the statute had not been complied with in its execution and publication of notice ; that no legal transfer of the stock of Hammond had been made by him to the plaintiffs ; that the plaintiffs, knowing of the agreement between Coolidge and Hammond, could not hold the furniture for the benefit of the creditors of Hammond ; that Hammond had no right to transfer and assign it for such purpose ; and that the defendant had a lawful right to attach it, and apply the proceeds on the notes of Coolidge and Hammond to the bank, being the same notes described in the writ on which the attachments were made.

The Judge, intending to reserve the questions of law, ruled that upon this evidence the plaintiffs were entitled to recover, and instructed the jury to return a verdict for the plaintiffs, and to estimate the damages by finding the value of the bank stock, with interest from the date of the writ, and the value of the furniture, with damages for the taking and detention, and interest from the date of the writ. The jury returned a verdict for the plaintiffs for $1701,03 — on account of bank stock $1463,58, and on account of furniture $237,45.

The verdict was taken, subject to the opinion of the whole Court ; and if the action could be maintained for the bank shares and the furniture, the verdict was to stand ; if it could not for either, a nonsuit was to be entered ; and the Court was to have authority to alter or amend the verdict.

*M. L. Appleton*, for the defendant, argued in support of the positions taken at the trial. He also contended that if any action would lie for attaching the bank shares, this action of trespass *vi et armis* would not; that if any action could be maintained, it should have been against the bank for refusing to make the transfer and not against the officer; and that by the St. 1838, c. 325, the entry of the transfer on the books of the bank is necessary to transfer the title. He cited Jacob's Law Dic., Trespass; *Hussey v. Man. & Mech. Bank*, 10 Pick. 415; 10 Johns. 484; *Plymouth Bank v. Bank of Norfolk*, 10 Pick. 454; St. 1836, c. 240.

*Hobbs* argued for the plaintiffs, and cited 3 Dane, 108; 5 Dane, 157; St. 1831, c. 519, § 18; 1 Esp. N. P. 380; St. 1835, c. 178, respecting trespass and trespass on the case; 2 Saund. Pl. & Ev. 343; 8 Pick. 90; 10 Mass. R. 125; 16 Pick. 206; 16 Mass. R. 191; 5 Mass. R. 435; St. 1838, c. 344; *Fox v. Adams*, 5 Greenl. 245; *Halsey v. Whitney*, 4 Mason, 206; *Hatch v. Smith*, 5 Mass. R. 42; *N. E. Mar. Ins. Co. v. Chandler*, 16 Mass. R. 275; *Emerson v. Knower*, 8 Pick. 63; *Stevens v. Bell*, 6 Mass. R. 339; *Clapp v. Smith*, 16 Pick. 247; 10 Mass. R. 476; 7 Johns. Ch. R. 132; 9 Pick. 202; 5 Pick. 232; 8 Pick. 133; 7 Greenl. 173; *Holbrook v. Baker*, 5 Greenl. 309; *Melody v. Chandler*, 3 Fairf. 282; *Lunt v. Whitaker*, 1 Fairf. 310.

The opinion was by

WESTON C. J. — The counsel for the defendant, who represents the interests of the Lafayette Bank, objects to the instrument of assignment, which is the basis of the plaintiffs' title, as containing certain provisions, not authorized by law, and omitting to specify therein a time, within which creditors may become parties. As to the time allowed to creditors, the period of three months is provided by Statute, of which the assignees are required to give notice. This renders the specification of the time in the assignment unnecessary. If there is any weight in the other objections, we are of opinion, that they are not open to be taken in behalf of the Lafayette

bank who have assented to the terms of the assignment, by becoming parties thereto. With regard to the date of the year, in the certificate of the oath to Hammond, which is manifestly a mistake, it may be corrected by the justice.

It is insisted, that as the attachment was made, before public notice was given of the assignment, the attachment is entitled to priority. We are however of opinion, that by the Statute of 1836, c. 240, the property assigned is protected from attachment, if the notice required is published, within fourteen days after the execution of the assignment. In the schedule of the personal property, upon which the assignment was intended to operate, is to be found twenty shares in the Lafayette Bank. They had not been transferred on the books of the bank, prior to the assignment. But as it is property assignable in its character, it is contended that this formality is not essential to the plaintiffs' title. The case of *Sargent & al.* v. *the Franklin Insurance Company*, 8 Pick. 90, has been cited to show, that the assignable character of this species of property, cannot be restrained by formalities imposed by the by-laws of the corporation. But the objection taken here is, that the entry of the transfer upon the corporate records, to give legal validity to the title, is expressly required by the Statute of 1838, c. 325. And such is the fact, that Statute declaring, that until this is done the title shall not pass from the former proprietor; and the date of the transfer, and the names of all the parties thereto, is required to be recorded. This was doubtless intended to render accessible, to all persons interested to know, record evidence of the title. This statute is too positive in its terms to be disregarded. In our judgment therefore the title to these shares, the assignment notwithstanding, remained in Hammond, and that their attachment in behalf of the bank is justified.

By the transactions between Hammond and Coolidge, the former became mortgagee of the furniture, subject to the conditions specified in their agreement. Hammond assigned his interest to the plaintiffs, as he might lawfully do, whereby they took his place as mortgagees, subject to the rights of Coolidge. It was not attachable then, as Hammond's property, nor had

Coolidge such an interest as rendered the property itself liable to be attached by his creditor. The officer *therefore* cannot justify *the attachment*, although the writ was against both Hammond and Coolidge. And the plaintiffs, being the assignees of the mortgagee, may maintain trespass against him for taking the furniture. By the agreement, in virtue of which the case finds that property was sold, the plaintiffs were to cause the sale to be made and the proceeds to be deposited in the bank, for the benefit of the prevailing party. This sum, it is fairly to be understood, was to represent the furniture; and as it was to lie in deposit, it could not be intended, that interest should be allowed.

The verdict is accordingly to be amended so as to stand for the sum of two hundred dollars, upon which judgment is to be rendered.